IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MERRICK L. DIXON,               )
                                )
        Plaintiff,              )
                                )
    v.                          )    1:18-cv-00666 (LMB/MSN)
                                )
NATIONSTAR MORTGAGE, et al.,    )
                                )
        Defendants.             )

MEMORANDUM OPINION

Before the Court is defendants' Nationstar Mortgage ("Nationstar") and Mortgage

Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss [Dkt. No. 17] in which they

argue that plaintiff's Complaint should be dismissed as an impermissible "show-me-the-note"

claim. Pro se plaintiff Merrick L. Dixon ("Dixon") has not responded to defendants' Motion.[1]

Finding that oral argument would not further the decisional process, the defendants' Motion to

Dismiss will be granted without oral argument for the reasons discussed below.

I. BACKGROUND

In his Complaint, Dixon alleges that defendants Nationstar and MERS fraudulently

foreclosed on the real property known as 13348 Pelican Road, Woodbridge, Virginia 22193 (the

"Property"). Compl. [Dkt. No. 1].[2] Specifically, he alleges that defendants have made a claim

---

[1] Defendants filed their Motion to Dismiss on September 28, 2018 and included a Roseboro
Notice explaining to plaintiff that any response was due within 21 days and that failure to file a
timely response could result in defendants' Motion being granted. As of November 7, 2018,
plaintiff has not responded to the Motion.
[2] The caption also lists "John and Jane Does 1-10" as defendants, as plaintiff intends to sue
Nationstar, MERS, "and/or any other party which has, or intends to make claim against this

against the Property but have failed to provide proof of said claim, and he seeks either their withdrawal of all claims against the Property or production of documentation and witness testimony to prove their claim. Id. ¶¶ 13–14, 21–23.

The Complaint alleges that on April 1, 1993, plaintiff executed a mortgage promissory note secured by a Deed of Trust, which named parties other than the defendants as Trustee and named MERS as beneficiary, and seeks a declaration that the original party named on the Deed of Trust is the only party entitled to foreclose upon the Property. Id. ¶¶ 49–52.

Defendants identify a home mortgage loan, evidenced by a promissory note in the principal amount of $360,000 and a Deed of Trust encumbering the Property, obtained on October 30, 2006. Defs.' Mem. Supp. Mot. Dismiss Pl.'s Compl. [Dkt. No. 18] ("Defs.' Mem.") 2; Exs. A & B.[3] The Deed of Trust identifies "NFM, Inc. d/b/a Fidelity Mortgage Corporation" as the original lender, Ex. A, and MERS as the original beneficiary. Ex. B.

On June 10, 2011, MERS transferred its interest in the Deed to Aurora Loan Services LLC, Ex. C, which then transferred its interest to Nationstar on October 4, 2012. Id. at 3; Ex. D. On December 17, 2014, Nationstar transferred its interest to U.S. Bank National Association, as Trustee, Successor in Interest to Wilmington Trust Company, as Trustee, Successor in Interest to Bank of America National Association, as Trustee, Successor by Merger to LaSalle Bank

---

Subject Property." Compl. 1. Plaintiff later contends that MERS and Nationstar are "merely agents of the others, which are as of yet unidentified Parties; known herein as 'Does 1-10.'" Id. at 9. At this point, no other party has been specifically identified in the Complaint or has been identified by the plaintiff in any other manner.

[3] These documents can be considered at the motion to dismiss stage because they are official public records central to plaintiff's claim and have been sufficiently referred to in the Complaint. See Witthon v. Fed. Ins. Co., 164 F. App'x 395, 396–97 (4th Cir. 2006). The Complaint does dispute the authenticity of the Assignment of Deed of Trust to Nationstar, Defs.' Ex. D. Compl. ¶¶ 67–69.

National Association, as Trustee of Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-20. Id.; Ex. E.

Plaintiff failed to make the required mortgage payments and, in 2017, he began to receive demands for payments and threats of foreclosure from MERS and a law firm on behalf of Nationstar. Compl. ¶ 62. The Complaint claims that Nationstar "allegedly acts as Trustee in the securitization of the loan pool to which this Property has been allegedly tied." Id. ¶ 28. Plaintiff was advised that the Property would be foreclosed upon in December 2017. Id. ¶ 66. On December 12, 2017, a foreclosure sale occurred. Defs.' Mem. 3. On May 18, 2018, the Property was conveyed to Paramount Investments, LLC and the conveyance was recorded on May 23, 2018. Id. at 3–4; Ex. F.

Plaintiff filed his Complaint on June 4, 2018, seeking $3,328,000 in damages. Compl. ¶ 99. Defendants have moved to dismiss because, under Virginia's non-judicial foreclosure laws, they cannot be compelled to produce documentation authorizing the foreclosure on the Property.

## II. DISCUSSION

### A. Standard of Review

According to Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings filed by a pro se party must be "liberally construed" and will not be held to the same standards as those filed by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, whether a complaint states a claim on which relief may be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp.

2d 641, 642 (E.D. Va. 1998). The Court must "assume that the facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor," Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002), but only to the extent that those allegations pertain to facts rather than to legal conclusions. Iqbal, 556 U.S. at 678. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"; instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

B. Analysis

The Complaint, construed liberally, states several causes of action;[4] however, none has merit. Although defendants make multiple meritorious arguments for dismissal, only one needs to be considered because it is clear that all of the issues in the Complaint are based on a theory which cannot sustain a cause of action in Virginia. The thrust of plaintiff's Complaint is that defendants must prove their authority to foreclose on the Property by producing original documentation. This theory has no merit in Virginia because "courts have roundly rejected" "show-me-the-note" claims as "plainly contrary to Virginia's non-judicial foreclosure laws." Davis v. White, No. 3:13cv780, 2014 WL 1604270, at *7–8 (E.D. Va. Apr. 21, 2014) (citing Brown v. HSBC Mortg. Corp., No. 1:10cv1427, 2011 WL 3101780, at *2 (E.D. Va. July 22, 2011) and Pham v. Bank of N.Y., 856 F. Supp. 2d 804, 810 (E.D. Va. 2012)). Virginia unequivocally does not require a foreclosing lender or trustee to prove their authority before foreclosure, see Webb v. Equifirst Corp., No. 7:15cv00413, 2016 WL 1274618, at *7 (W.D. Va.

---

[4] Although the causes of action are not clearly identified, it is possible to discern claims for declaratory relief, superior title, fraud, breach of fiduciary duty, denial of Sixth Amendment Confrontation Clause rights, rescission, and injunctive relief.

Mar. 31, 2016), by producing original documents, as plaintiff is demanding. See Compl. ¶ 21.

These claims have been so "widely rejected" that the Eastern District of Virginia has questioned

how they could be brought in good faith. Pham, 856 F. Supp. 2d at 810, 815. Plaintiff's

allegation that the Note and Deed of Trust are unenforceable because they have been split has

also been rejected by Virginia courts. See Webb, 2016 WL 1274618, at *7 (citing Horvath v.

Bank of N.Y., N.A., 641 F.3d 617, 624 (4th Cir. 2011) (explaining that transferring a note does

not "strip it from the security that gives it value" because to so hold would "render the note

largely worthless")). Furthermore, as plaintiff is not a party to the assignments of the Deed of

Trust, he lacks standing to challenge those documents.[5] The Fourth Circuit has held that a

homeowner cannot attack the assignment of the Deed of Trust because it is not a party to that

assignment or an intended beneficiary. Wolf v. Fed. Nat'l Mortg. Ass'n, 512 F. App'x 336, 432

(4th Cir. 2013); see also Hardnett v. M&T Bank, 204 F. Supp. 3d 851, 858 (E.D. Va. 2016)

(finding that homeowner lacked standing to challenge assignment of Deed of Trust "based on

alleged improper notarization on the document and a failure to publicly record the assignment").

Homeowners also lack standing to attack the appointment of substitute trustees for the same

reasons. See Wilson-McClaim v. Specialized Loan Servicing, LLC, No. 3:15cv541, 2016 U.S.

Dist. LEXIS 135134, at *9 (E.D. Va. Sept. 29, 2016). Therefore, plaintiff's allegation that

defendants must prove their authority to foreclose shall be dismissed.

The Complaint seeks a declaration that "the Title, Note, Deed of Trust, and all other

Documents tied to this Property do belong to the Plaintiff alone and that no other individual or

---

[5] The Complaint alleges that MERS is "NOT a true corporation," but "merely a piece of software owned by MERSCORP, Inc.," Compl. ¶ 37, yet the Deed of Trust itself, Defs.' Mem. Ex. B ¶ E, and Virginia law, see Wolf v. Fed. Nat'l Mortg. Ass'n, 830 F. Supp. 2d 153, 161–62 (E.D. Va. 2011); Graves. Mortg. Elec. Registration Sys., 96 Va. Cir. 457 (2011), recognize and authorize MERS' role as beneficiary and nominee.

entity has any legal claim." Compl. ¶ 94. Defendants argue that this "show-me-the-note" challenge does not provide the basis for declaratory relief. Defs.' Mem. 9–11. The Court may exercise jurisdiction in a declaratory judgment proceeding when (1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment, (2) the court possesses an independent basis for jurisdiction over the parties, and (3) the court does not abuse its discretion in its exercise of jurisdiction. Streza v. Fed. Nat'l Mortg. Ass'n, No. 3:15cv168, 2015 WL 4988482, at *16 (E.D. Va. Aug. 19, 2015); see also Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc., 386 F.3d 581, 592 (4th Cir. 2004). To satisfy the actual controversy requirement, the facts alleged in the Complaint must "show there is a substantial controversy, between the parties having adverse legal interest, of sufficient immediacy to warrant relief." Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 133–34 (2007). In this case, there is no actual controversy because defendants had the right to enforce the Deed of Trust. See Granados v. Bank of Am., N.A., No. 1:15cv752, 2015 WL 4994534, at *3 (E.D. Va. Aug. 19, 2015) ("Defendants have right to the Deed of Trust and are entitled to enforce those rights.") (citing Larota-Florez v. Goldman Sachs Mortg. Co., 719 F. Supp. 2d 636. 639 (4th Cir. 2010)); see also Grenadier v. BWW Law Grp., No. 1:14cv827, 2015 WL 417839, at *12 (E.D. Va. Jan. 30, 2015) (finding that no actual controversy existed because the "Note, Deed of Trust, and related loan documents delineate the rights of the parties here, and these rights have already accrued" and because plaintiff's claim that defendants may not enforce the Deed of Trust is "not supported by Virginia law") aff'd 612 F. App'x 190. Furthermore, the foreclosure has already occurred, making declaratory judgment inappropriate. See Suggs v. M&T Bank, 230 F. Supp. 3d 458, 465 (E.D. Va. 2017) aff'd 694 F. App'x 180 (4th Cir. 2017).

Plaintiff also seeks a declaration that "they [sic] do hold Superior Title to this Property over every entity which has presented itself in this case," and "[f]urthermore, not only do the Plaintiff [sic] hold Superior Title, they [sic] hold the ONLY claim to the Title of this Property." Compl. ¶¶ 92–93. "In order to assert a claim for quiet title, the plaintiff must plead that he has fully satisfied all legal obligations to the party in interest." Bagley v. Wells Fargo Bank, N.A., No. 3:12cv617, 2013 WL 350527, at *8 (E.D. Va. Jan. 29, 2013). Plaintiff has failed to do so. The Complaint merely alleges that defendants lacked the authority to foreclose upon the Property because they were not the proper entities; it does not claim that plaintiff had fully satisfied the loan. See Harrell v. Caliber Home Loan, Inc., 995 F. Supp. 2d 548, 552 (E.D. Va. 2014) (dismissing the claim for quiet title when plaintiffs have not stated any facts suggesting that they would have satisfied their obligations under the loan agreement). Because plaintiff has failed to allege that he has fully satisfied this loan, his claim for quiet title fails.

To the extent that plaintiff seeks a recession of the foreclosure sale and injunctive relief ordering defendants to "'Cease and Desist' any action or claim to this Property immediately and forever," that relief should not be granted. Compl. ¶¶ 95–96. Because damages remain available after an improper foreclosure sale, rescission and injunctive relief are inappropriate equitable remedies. See Foster v. Wells Fargo Bank, N.A., No. 3:14cv0017, 2014 WL 3965059, at *6 (W.D. Va. Aug. 13, 2014); Matthews v. PHH Mortg. Corp., 283 Va. 723, 731 (2012). Plaintiff has failed to respond to the defendants' Motion to Dismiss and the allegations in his Complaint fail to make a plausible claim that foreclosure was improper in the first place: "It is undisputed that Plaintiff defaulted on the Loan." Defs.' Mem. 19. As such, plaintiff is not entitled to damages, and is certainly not entitled to such a drastic equitable remedy as rescission.

## III. CONCLUSION

For the reasons stated above, defendants' Motion to Dismiss [Dkt. No. 17] will be granted by an appropriate Order to be issued with this Memorandum Opinion.

Entered this 7th day of November, 2018.

Alexandria, Virginia

/s/

Leonie M. Brinkema
United States District Judge